EARL YEOMAN, APPELLANT, V. NORVAL HOUSTON, APPELLEE.

97 N. W. 2d 634

Filed July 3, 1959. No. 34593.

*Paul Rhodes* and *Townsend & Youmans,* for appellant.

*James L. Macken,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an election contest. Earl Yeoman, contestant, is hereinafter referred to as plaintiff. Norval Houston, contestee, is hereinafter referred to as defendant.

The action involves the election for the office of sheriff of Morrill County, Nebraska, held on November 4, 1958. The sole question decided by the trial court and submitted here arises from this fact which is set out in a pretrial order: There were 106 ballots with the name of plaintiff written in the blank space provided therefor which did not have any marking in the square to the left of the name so written in. If the ballots are to be counted then plaintiff should be declared elected. If they are not to be counted then defendant should be declared elected.

The trial court held that the ballots which had no marking in the square opposite the written name were not to be counted as votes for the plaintiff. The court declared the defendant elected. Plaintiff appeals.

We affirm the judgment of the trial court.

The plaintiff relies here largely on our decision in State ex rel. Lanham v. Sheets, 119 Neb. 145, 227 N. W. 457. We refer herein to it as the Lanham decision.

In the Lanham decision we held certain provisions of the election laws were directory and that: "The writing

in, at the proper place on a ballot, of the name of a person is a sufficient indication of the intention of the elector to vote for such person, so as to entitle such ballot to be counted, though no cross is made opposite such written name."

Our task, then, is to determine the changes made in the applicable statutory provisions since the Lanham decision, and to determine the legislative intent as it now exists.

In the Lanham decision we pointed out that prior to 1917 the law provided that an elector could fill in the name of the candidate of his choice and by "marking a cross (X) with ink opposite thereto." That provision was repealed in 1917 as set out in the opinion. There remained in the act this provision from instructions to voters: " 'If you wish to vote for any person whose name does not appear upon the ballot, write or insert his full name in the blank space on the ballot under the proper office you wish him to hold, and make a cross mark in the proper margin opposite the same.' "

By the provisions of section 1945, Comp. St. 1922, it was provided: "In each division, and beneath all candidates placed there by nomination or petition, a blank space shall be provided, into which electors may write the name of any person for whom they wish to vote and whose name is not printed upon the ballot."

In 1951 in a general revision of the code relating to elections, this sentence was added: "Such written in name shall be counted as if printed on the ballot, and if the voter makes a cross in the square opposite the written name." Laws 1951, c. 99, § 129, p. 325.

This sentence was again amended in 1953 to provide, so far as important here, that: "The vote for a person whose name is so written in shall be counted as if printed on the ballot, if the voter makes a cross or other clear intelligible mark in the square opposite the written name; * * *." Laws 1953, c. 106, § 12, p. 323. It is now section 32-428, R. S. Supp., 1957.

The rule is: In case of doubt as to the meaning of a statute, resort may be had to the title as an aid to discover the legislative intent, but by no means to enlarge the scope of the statute so as to include a subject not fairly expressed in the body of the act. Omaha Nat. Bank v. Jensen, 157 Neb. 22, 58 N. W. 2d 582.

One of the declared purposes as recited in the title of the 1953 act was "to permit voting by a cross or other intelligible mark *as prescribed.*" (Emphasis supplied.) The method prescribed was to write in the name and make a cross or other clear intelligible mark in the square opposite the written name. The prescribed method was not followed in the instant case.

Section 1969, Comp. St. 1922, in force when the Lanham case was decided, provided in part as recited in the Lanham decision: " 'If the voter does not wish to vote a straight ticket he shall make a cross in the square to the left of every candidate for whom he desires to vote.' "

This was amended in 1951 to provide: "The elector shall proceed alone into a compartment, if there be one then unoccupied, and prepare his ballot by marking it in the following manner: He shall make a cross in the square to the left of every candidate for whom he desires to vote, and in case of a question to be submitted to the vote of the people, by making a cross in the square to the left of the answer he wishes to give." Laws 1951, c. 99, § 154, p. 332.

This section was again amended in 1953 to provide: "The elector shall proceed alone into a compartment, if there be one then unoccupied, and prepare his ballot by marking it in the following manner: He shall make a cross or other clear intelligible mark in the square to the left of every candidate for whom he desires to vote, and in case of a question to be submitted to the vote of the people, by making such a cross or mark in the square to the left of the answer he wishes to give. If the elector desires to vote for any person whose name is not printed on the ballot, except where not permitted by law,

he shall write the name of the person in full in the blank space on the ballot under the proper office and make such a cross or mark in the square opposite the written name." Laws 1953, c. 106, § 16, p. 326.

It is now section 32-453, R. S. Supp., 1957. We call attention to the legislative intent applicable here as indicated by the title of the act as discussed with reference to section 32-428, R. S. Supp., 1957. We also call attention to the broadened prescribed method of indicating the voter's choice.

Section 13 of the Laws of 1891 referred to in the Lanham decision became section 32-715, R. S. 1943, and was repealed in 1951. Laws 1951, c. 99, § 439, p. 448.

Sections 2025 to 2030, Comp. St. 1922, became sections 32-485 to 32-490, R. R. S. 1943. Plaintiff here relies on sections 32-488 and 32-489, R. R. S. 1943. Section 2028, Comp. St. 1922, provided: "In the canvass of the votes any ballot which is not endorsed upon the back thereof as provided by law by the signature of two judges, shall be void and shall not be counted, and any ballot or parts of a ballot from which it is impossible to determine the elector's choice shall be void and shall not be counted: Provided, when a ballot is sufficiently plain to gather therefrom a part of the voter's intention, it shall be the duty of the judges of election to count such part." It now appears as section 32-488, R. R. S. 1943, in this language: "In the canvass of the votes, any ballot which is not endorsed upon the back thereof as provided by law by the signature of two judges or any ballot or parts of a ballot from which it is impossible to determine the elector's choice shall be void and shall not be counted; Provided, when a ballot is sufficiently plain to gather therefrom a part of the voter's intention, it shall be the duty of the judges of election to count such part." It is obvious that the principal provision above relates to the endorsement of ballots by the judges. It is a question not involved here. The proviso relates to the duty of the judges of election

to make effective a part of a ballot where the voter's intention can be gathered therefrom. It has no bearing on the prescribed method by which the voters shall express their intention.

Section 2029, Comp. St. 1929 (now section 32-489, R. R. S. 1943, with amendments not material here), prescribes a method of counting or rejection of ballots where the described name problems are involved. It has no bearing on the question of the prescribed method by which the voter shall express his intention.

Section 7 of the card of instructions to voters at the time of the decision in the Lanham case provided: " 'If you wish to vote for any person whose name does not appear upon the ballot, write or insert his full name in the blank space on the ballot under the proper office you wish him to hold, and make a cross mark in the proper margin opposite the same.' " This provision as it appears in section 1951, Comp. St. 1922, did not include the words "or insert." Those quoted words were omitted in Laws 1925, c. 116, § 1, p. 309. It was this provision that we held directory in the Lanham decision. However, as above pointed out, at that time the provision of the statute with reference to the marking of the ballot by "a cross with ink" after the name of the candidate has been repealed. Such a provision has now been re-enacted and is now section 32-453, R. S. Supp., 1957, which provides that the elector "shall write the name of the person in full" for whom he desires to vote, and "make such a cross or mark in the square opposite the written name."

The language used is the mandatory "shall" in this and other provisions of the act.

The Legislature has also provided: "Unless such construction would be inconsistent with the manifest intent of the Legislature, rules for construction of the statutes of Nebraska hereafter enacted shall be as follows: (1) When the word 'may' appears, permissive or discretionary action is presumed. When the word 'shall' appears,

mandatory or ministerial action is presumed." § 49-802, R. R. S. 1943. This constitutes legislative sanction of a sound rule of statutory construction.

It is quite apparent from a study of the various acts passed since the Lanham decision that the Legislature intended two results with reference to the problem here.

First they intended to liberalize the restrictive provisions of earlier acts which required the use of a "cross," writing on or marking the ballots "with ink" or "blue pencil" and other expressions. The Legislature authorized the use of a "cross or other clear intelligible mark." The Legislature further made mandatory the use of such a mark as a condition to be performed to make the ballot one which could be counted. That was a condition "prescribed." As we said in the Lanham decision: "The legislature must have had some purpose in adopting the amendment; but if the law was to remain the same notwithstanding such adoption the amendment would be of no effect."

We call attention also to the provision of section 32-420, R. S. Supp., 1957, which provides for an official ballot which "shall" conform as nearly as possible to the enacted form. The form provides a blank line and a square to the left to be used for write-in names.

We conclude that the Lanham decision is no longer controlling and that the statutory requirements herein discussed are mandatory. The requirements of the statute are twofold. If an elector desires to vote for a candidate whose name is not printed on the ballot, he must write in the name of the person in the blank space on the ballot under the proper office and must make a cross or other clear intelligible mark in the square opposite the written name. If these two prescribed requirements are not complied with then the ballot is not to be counted so far as the vote for the candidate whose name is written in is concerned.

The judgment of the trial court is affirmed.

AFFIRMED.